**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

BRENDA D. WILLIAMS,

      Plaintiff,

v.                                            Case No. 5:11-cv-641-Oc-34PRL

MARION COUNTY PUBLIC SCHOOL,

      Defendant.

_____

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 56; Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on February 3, 2014. In the Report, Magistrate Judge Lammens recommends that Defendant's Case Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. No. 37; Motion) be granted. See Report at 1, 14. On February 19, 2014, Plaintiff filed her Objections to Report and Recommendation (Doc. No. 57; Objections), and Defendant responded to the Objections on March 5, 2014. See Defendant's Response to Plaintiff's Objections to the Report and Recommendation of Magistrate (Doc. No. 58; Response).[1]

---

[1] Defendant contends Plaintiff did not file her objections timely. See Response at 1. The Magistrate Judge filed the Report on February 3, 2014. Defendant argues that because Rule 72(b)(2) of the Federal Rules of Civil Procedure (Rule(s)) provides for fourteen days within which to file objections to the Report, the objections would have been due on or before February 17, 2014, and since the 17th of February was a federal holiday, the objections were due the following day. Response at 1. However, Rule 72(b)(2) provides that Plaintiff has fourteen days after being served with a copy of the recommended disposition to file her objections. See Rule 72(b)(2). As Plaintiff received a copy of the Report in the mail, the rules provide an additional three days to file her objections. See Fed. R. Civ. P. 5(b)(2)(C), 6(d); see also Fed. R. Civ. P. 72(b) advisory committee's note (1983) (explaining that Rule 72(b) is subject to subsection of Rule 6 "which provides for an additional 3-day period when service is made by mail"). With the additional three days for mailing, Plaintiff timely filed her Objections on February 19, 2014, and the Court considers them here.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Although Plaintiff has filed objections, she does not specifically address the findings and conclusions included in the Report. See generally Objections. Instead, she has simply structured her objections to track the outline and headings of the Report.[2] Nevertheless, because Plaintiff is proceeding pro se, the Court has liberally construed her filings, giving her the benefit of the doubt at every turn. See Koger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)), cert. denied, 546 U.S. 1151 (2006).

Plaintiff's first objection appears to challenge the Magistrate Judge's recommendation that the Court determine that 42 U.S.C. § 1983 provides the exclusive remedy for a state actor's violation of § 1981. See Report at 4 (citing Butts v. Cnty. of Volusia, 222 F.3d 891, 894 (11th Cir. 2000); Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989)). Indeed, Plaintiff quotes this portion of the Report, and then states that her former attorney sent a

---

[2] Plaintiff's Objections follow the outline in the Report except that she has added a section generally discussing Title VII as section III(A) so that the remaining headings in section III are off by one letter. See Objections at 3-6.

demand letter to counsel for Defendant, which letter she attaches to her Objections. See Objections at 3-4; Exhibit A to Objections. But, Plaintiff fails to explain the relevance of the letter to her objection.

Preliminarily, the Court need not consider evidence that Plaintiff did not present in her Response in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 54; Response to Motion) when the Motion was before the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding that district court did not abuse discretion in declining to consider new argument and explaining that "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court" (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000) (alteration in original))). More importantly, however, Plaintiff in no way addresses the binding authority cited in the Report wherein both the Eleventh Circuit Court of Appeals and the Supreme Court have held that an employee's exclusive remedy against a state actor such as Defendant for a violation of § 1981 is a claim under § 1983. See Report at 4; Butts, 222 F.3d at 894; Jett, 491 U.S. at 735. Accordingly, to the extent that Plaintiff's reference to a demand letter could be construed as an objection to the Report, her objection is without merit.

The Court next addresses Plaintiff's objections to the Magistrate Judge's recommendation regarding her two failure to promote claims. As to the first claim, that Defendant failed to promote Plaintiff to the position of HQ Class Development Coordinator, the Magistrate Judge concluded that this claim is barred because Plaintiff failed to exhaust

her administrative remedies. See Report at 4-5.  While in the Motion Defendant also argued that the position was not filled, see Motion at 12, the Magistrate Judge did not address this alternative argument.  Despite this, in her Objection, Plaintiff argues that the HQ Class Development Coordinator position did exist for the 2007-2008 academic year because Defendant hired an individual named Sally Weaver for the position instead of Plaintiff.  See Objections at 4.[3]  This argument fails to address the finding that Plaintiff did not timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) prior to filing her lawsuit.  On review of the record, the Court finds that the Magistrate Judge correctly found that Plaintiff did not file a timely charge asserting that Defendant failed to promote her to the HQ Class Development Coordinator position, and her objection as to this conclusion is due to be overruled.

As to the second failure to promote claim, that Defendant failed to promote Plaintiff to a Program Specialist in 2009, the Magistrate Judge concluded that summary judgment should be granted in Defendant's favor because the record contains no evidence that Plaintiff ever applied for that position.  See Report at 7.  In her Objections, Plaintiff simply recites Defendant's alternate argument for the entry of summary judgment as to this claim: that Plaintiff was not qualified for the position.  See Objections at 4; Motion at 13.  However, Plaintiff has presented no evidence that she applied for the position nor does she cite any record evidence to that effect.  Accordingly, her objection to the Magistrate Judge's

---

[3] Plaintiff attaches a list of the 2007-2008 Staff Development Department which reflects that Sally Weaver was the HQ Class Development Coordinator at that time. See Exhibit B to Objections. However, this list was not provided to the Magistrate Judge, and does not establish that Defendant promoted Sally Weaver to the listed position in 2007-2008. Moreover, as explained above, whether the position was or was not filled does not address the Magistrate Judge's finding that her claim is time barred.

recommendation that summary judgment should be granted as to her second failure to promote claim is due to be overruled.

With respect to Plaintiff's claims that Defendant treated her differently by failing to return her to a staff development position in 2009, and in disciplining her for absenteeism the same year, see Complaint at 4-6, the Magistrate Judge found that Plaintiff had not made a prima facie case for disparate treatment because she could not identify similarly situated employees that were treated differently.  See Report at 7-10.[4]  Once again, in her Objections, Plaintiff fails to address the Magistrate Judge's findings or conclusions, and instead focuses on information not relevant to the issue of adequate comparators.  See Objections at 4-6.  As such her objection is due to be overruled as to this claim.[5]

Lastly, as to Plaintiff's hostile work environment claim, Plaintiff cites to her Complaint and states that Defendant's officials could have addressed the alleged discrimination but failed to do so.  See Objections at 6.  In the Report, the Magistrate Judge concluded that

---

[4] "A disparate treatment prima facie case generally consists of the following elements: (1) 'plaintiff was a member of a protected class'; (2) plaintiff was qualified for the position; (3) plaintiff was subjected to an adverse employment action; and (4) 'similarly situated employees outside of the protected class were treated differently.'" Report at 7 (quoting Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012)). In his Report, the Magistrate Judge addressed only the fourth element and found it lacking in Plaintiff's case.

[5] The Court supplements the Report with the following: In determining that summary judgment is due to be granted as to these claims, in some situations, a plaintiff may avoid summary judgment even if the plaintiff cannot identify a similarly situated employee outside of their protected class who was treated more favorably, as required by the McDonnell Douglas framework. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). "[T]he plaintiff will always survive summary judgment if [she] presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." Id. This occurs where the plaintiff presents a "'convincing mosaic of circumstantial evidence that would allow a jury to infer discrimination by the decisionmaker.'" Id. (quoting Silverman v. Bd. of Educ., 637 F.3d 729, 734 (7th Cir. 2011), and citing Rioux v. City of Atlanta, 520 F.3d 1269, 1281 (11th Cir. 2008); Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010); and Burke-Fowler v. Orange Cty., Fla., 447 F.3d 1319, 1325 (11th Cir. 2006)). Here, however, Plaintiff has adduced no circumstantial evidence to raise an inference that Defendant's decisions not to return Plaintiff to a staff development position or to discipline her for absenteeism were motivated by her race. See Smith, 644 F.3d at 1328. Plaintiff's opinion that she was discriminated against, without more, is not enough to establish a prima facie case of race discrimination. Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997).

the alleged hostility identified by Plaintiff was not "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." Report at 12 (quoting McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir. 2008)).  Reviewing the alleged incidents which arguably could have been related to Plaintiff's race, the Magistrate Judge found that a total of thirteen incidents spanning two years—which at the most made Plaintiff "very uncomfortable" but did not cause her to feel threatened or otherwise interfere with her performance—could not satisfy the required frequency or severity to constitute a hostile working environment. See id. at 13.  Plaintiff has not persuaded the Court that the Magistrate Judge's conclusion as to this issue is incorrect.  Neither this nor any of Plaintiff's other objections have demonstrated error on the part of the Magistrate Judge.  Therefore, the Court concludes that all of Plaintiff's objections are due to be overruled.

Further, upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, as supplemented here, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.  Accordingly, it is hereby

**ORDERED:**

1.	The Objections to Report and Recommendation (Doc. No. 57) are **OVERRULED**.

2.	With the addition of Footnote Five of this Order, the Magistrate Judge's Report and Recommendation (Doc. No. 56) is **ADOPTED** as the opinion of the Court.

3.	Defendant's Motion for Summary Judgment (Doc. No. 37) is **GRANTED**.

4. The Clerk of the Court is directed to enter judgment against Plaintiff, Brenda Williams, and in favor of Defendant, Marion County Public Schools.

5. The Clerk is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers, this 22nd day of May, 2014.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Honorable Philip R. Lammens
United States Magistrate Judge

Counsel of Record
Pro Se Party