**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BRENDA D. WILLIAMS,**

    Plaintiff,

v.                                          Case No: 5:11-CV-641-Oc-34PRL

**MARION COUNTY PUBLIC SCHOOL,**

    Defendant.

**REPORT AND RECOMMENDATION**[1]

Pending before the Court is Defendant's Motion for Costs and Expenses (Doc. 62) which the District Judge referred to me for the preparation of a report and recommendation. (Doc. 63). For the reasons discussed below, Defendant's Motion is due to be granted in part and denied in part.

**I. BACKGROUND**

On May 22, 2014, the Court granted Defendant's motion for summary judgment (Doc. 59). On May 27, 2014, judgment was entered in favor of Defendant and against Plaintiff. (Docs. 60 & 61). Defendant then filed the instant motion (Doc. 62) requesting costs in the total sum of $3,157.80. Defendant attached a bill of costs and supporting documentation to its motion. (Doc. 62-1). Plaintiff has not filed a response and her time for doing so has expired.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## II. DISCUSSION

Rule 54(d) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." As the Eleventh Circuit has noted, "that provision establishes a *presumption* that costs are to be awarded to a prevailing party." *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000)(*emphasis added*)("[The presumption that costs are to be awarded to a prevailing party rests, in part, on the concept that] denial of costs is in the nature of a penalty for some defection on the prevailing party's part during the litigation."). The rule vests the court with discretion of "great latitude" in ascertaining taxing costs. *Loughan v. Firestone Tire & Rubber Company*, 749 F.2d 1519, 1526 (11th Cir. 1985). However, it does not bestow upon the court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Daugherty v. The Westminster Schools, Inc.*, 174 F.R.D. 118, 123 (N.D. Ga. 1997), (*citing Farmer v. Arabian Am. Oil Company*, 379 U.S. 227, 235 (1964)). Indeed, the "discretion given district court judges should be sparingly exercised with reference to expenses not specifically allowed by statute." *Id*.

There are enumerated expenses set forth in 28 U.S.C. § 1920 that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. When challenging whether costs are taxable, the losing party bears the burden to demonstrate that the cost is not taxable, unless the knowledge regarding the proposed cost lies within the

exclusive knowledge of the prevailing party. *Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc.,* 385 F.Supp.2d 1272, 1288 (M.D. Fla. 2005).

### A. Deposition Transcript

Defendant seeks to recover $2,298.45 in court-reporter fees for the deposition of Plaintiff – the only deposition it took in this case. Defendant had the Plaintiff's deposition transcribed and video recorded.

Section 1920(2) authorizes the taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Even though §1920(2) does not specifically use the word "deposition," deposition transcript costs are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). District courts are afforded great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Id.*; *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, the costs of the deposition are taxable unless the deposition was not related to an issue present in the case at the time of the deposition. *Luka v. City of Orlando,* No. 6:07-cv-841-Orl-22GJK, 2011 WL 4837263, at *6 (M.D. Fla. September 23, 2011).

Here, there can be no dispute that Plaintiff's deposition was necessarily obtained for use in this case as it was essential to Defendant's ability to assess and defend against her claims. Indeed, Defendants relied heavily on Plaintiff's deposition in support of its successful motion for summary judgment. *See E.E.O.C.*, 213 F.3d at 621 (transcripts of deposition used to support motion for summary judgment are compensable). The costs of both the video and stenographic depositions

are recoverable where, as here, the deposition (necessarily obtained for use in this case) was properly noticed as a video deposition and no objection was made at the time to the method of recording. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996)("when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation. . . it is appropriate under §1920 to award the cost of conducting the deposition in the manner noticed"). In the absence of any objection, and in light of the presumption in favor of awarding costs to the prevailing party, I submit that the requested deposition costs should be approved in their entirety in the amount of $2,298.45.

B. **Copying Costs**

Defendant seeks to recover $859.35 in copying costs that it contends were "necessarily incurred to effectively litigate this case" and not merely for defense counsel's convenience. Pursuant to 28 U.S.C. § 1920(4), fees for exemplification and copies of any materials necessarily obtained for use in the case are properly taxed as costs. As the prevailing party, Defendant must provide information regarding the purpose of copies charged so the court can determine whether the copies were necessarily obtained for a reimbursable use in the case. *See Awwad v. Largo Medical Center, Inc.,* No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *5-6 (M.D. Fla. Nov. 27, 2013).

Here, Defendant vaguely states that these costs include copies attributable to discovery and pleadings, correspondence between the parties, documents either tendered to or requested by Plaintiff, copies of exhibits supportive of Defendant's motion for summary judgment and other pleadings, and other documents prepared for the Court's consideration. (Doc. 62 at 6). The

documentary support (Doc. 62-1 at 2-4) fails to offer any additional details for the Court to determine whether the copies were necessarily obtained for use in the case. Accordingly, because Defendant has failed to provide sufficient information regarding the purpose of these copies, I submit that the copying costs should not be taxed. *See e.g., Gonzalez v. Pasco County Bd. Of County Commissioners*, No. 8:11-cv-1397-T-30TBW, 2013 WL 1810820, at *3 (M.D. Fla. April 29, 2013)(the prevailing party, "must present evidence showing the nature of the documents copied, including how they were used or intended to be used in the case . . . [and] may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.")

### III. CONCLUSION

Based on the foregoing, I recommend that Defendant's Motion (Doc. 62) should be **GRANTED** in part and **DENIED** in part and costs should be taxed against Plaintiff in the total sum of **$2,298.45**.

**IN CHAMBERS** in Ocala, Florida, on July 21, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to
United States District Judge
Counsel of Record
Unrepresented Parties